

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 4, 1947

Honorable M. Riley Wyatt
Chairman, State Prison Board
San Antonio, Texas

Opinion No. V-233

Re: Authority of Prison
Board to direct gen-
eral manager to per-
mit the use of in-
mate labor on sewer
project with City
of Huntsville.

Dear Mr. Wyatt:

Receipt is acknowledged of your supplemental request for an opinion on the authority of the Prison Board to use inmate labor in the improvement and enlargement of a sewerage disposal plant owned by the City of Huntsville and used by the Prison System at Huntsville. Your supplemental letter furnishes material information which was not available to this office when Opinion No. V-105 was rendered. That information relates to a lease agreement between the City of Huntsville and the Prison System dated May 20, 1939, whereby the Prison System is given the right and privilege of the use of the disposal plant for a 10 year period. The contract further provides that if, because of increased volume of sewerage or other cause, the disposal plant requires extensions, improvements, or repairs, the Prison System will cooperate with the City upon the basis of population served for the System and for the City.

It is our understanding that the authority desired relates to the enlarging and improving of such sewerage disposal plant. From the information furnished by you, it appears that this disposal plant, serving the Prison at Huntsville, is so inadequate that raw sewerage is being discharged into the fields near the prison; and that the State Health Officer, Dr. George W. Cox, M. D., is seriously concerned with the problems presented.

Article 6166a, Vernon's Civil Statutes, Acts of the 40th Legislature, reads as follows:

"It shall be the policy of this State, in the operation and management of the Prison System, to so manage and conduct the same in that manner as will be consistent with the operation of a modern prison system, and with the view of making the System self-sustaining; and that those convicted of violating the law and sentenced to a term in the State Penitentiary shall have humane treatment, and be given opportunity, encouragement and training in the matter of reformation. All prisoners shall be worked within the prison walls and upon farms owned or leased by the State; and in no event shall the labor of a prisoner be sold to any contractor or lessee to work on farms, or elsewhere, nor shall any prisoner be worked on any farm or otherwise, upon shares, except such farm be owned or leased by the State of Texas." (Emphasis added).

Article 6203c, enacted subsequent to Article 6166a, above quoted, provides in part:

"Section 1. The purpose of this act is to renovate, improve and rehabilitate the central unit of the Texas Prison System at Huntsville . . . it being the legislative intent to first relieve the emergency now existing in the walls at Huntsville by providing for reasonable sanitation . . . within this unit . . .

"Section 2. To accomplish the purposes enumerated herein the Texas Prison Board is authorized and directed as follows:

A. To equip the present property within the walls with reasonable sanitary devices including the installation of a sewer system for all cell block and at other points therein if needed . . .

F. The Prison Board is
further directed to take such
steps, other and additional, as
are incident or necessary to ef-
fectuate any and all of the sev-
eral undertakings herein special-
ly delineated.

"Section 4. In the erection of the im-
provements authorized by this Act, it shall
be the duty of the Prison Board to use prison
labor when practicable . . ."

The Legislature in Article 6166a has expres-
sed a dominant purpose that the Texas Prison System be
a modern, self-sustaining one. By Article 6203c, it
made provisions for the correction of the sanitary sys-
tem at the prison at Huntsville. The Legislature speci-
fically authorized the installation of a sewer system
within the walls, authorizing the Prison System to take
such other and additional steps as were incident and
necessary to carry out such purpose. Such work was to
be done with prison labor when practicable.

In the nature of things, it is absolutely
necessary that the sewerage of the system be disposed
of. The sanitary system within the walls must have an
adequate disposal outlet. The Prison System has, by
contract, obtained the use of the disposal system in
question, under a 10 year lease agreement.

It is our belief that the enlarging and re-
pairing of such plant is within the discretion given
to the Prison Board under Article 6203c, quoted above,
as an incident and necessary operation to effectuate
the desired sanitary conditions of the Prison System
designated by Article 6203c; and that prison labor may
be used in the completion of such work.

The statutes provide that such prison labor
shall not be sold, and that prisoners shall not be
worked upon shares. The furnishing of such labor by
the System must be for the benefit of the Prison; and
their labor must be under the supervision of the Sys-
tem. That section of the contract which restricts
the cooperation of the System to the proportion of
prison population served thereby would seem to assure
that the work furnished would be for the benefit of
the System, and not for any third parties.

Because of the additional facts furnished in your supplemental letter, Opinion No. V-105 is to be distinguished from this opinion. Its general conclusions, based upon the facts then at hand, are correct. We reach a different final conclusion in this opinion based strictly upon a new and different fact situation.

## SUMMARY

The Texas Prison Board is authorized to direct the use of prison labor to enlarge and improve the sewerage disposal plant used by the Prison System at the prison in Huntsville, where such plant is available to such System under a joint-use 10 year lease agreement between the City of Huntsville and the Prison System, and where the cooperation of the System in such improvement is limited to the proportionate use by the prison of such improvements.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  *Artie Stephens*
Artie Stephens
Assistant

AS/JMc

APPROVED:

*Price Daniel*
ATTORNEY GENERAL.